IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION


COLBY BLAKE FITTS                                                                    PLAINTIFF

v.                                       Civil No. 3:24-CV-03011-TLB-MEF

SHERIFF DANIEL KLATT                                                           DEFENDANT


### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Plaintiff proceeds *pro se*.  Plaintiff submitted his case using the court-approved form for a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241.  (ECF No. 1 at 3).  His initial styling of the case on that form was in "*ex rel*" on behalf of several other parties.  (*Id*.).  The petition is largely incomprehensible, asserting in conclusory fashion the violation of numerous constitutional rights; but given the initial styling and several references within the text of the complaint form, he appears to be bringing this case on behalf of several minors, presumably his children.  (*Id*. at 3, 5, 15).  Specifically, he states the named parties are being confined in the "Department of Family and Children Services – County of Carroll."  (*Id*. at 3).  He notes that he filed "several private and public notices of trespass" raising the following issues:

> The delegation of authority to take private property without consent, proof of harm, loss, injury or debt.  Concern for the legality and lawfulness of the taking and withholding of offspring.  Forced to attorn under threat of duress and coercion while being held as forced prisoner of war.

(*Id*. at 5).  In his request for relief, Plaintiff requests that the United States Marshals Service "perform the necessary immediate reunification of Petitioner(S) with their Creators."  (*Id*. at 15).

1

Plaintiff also referenced two juvenile cases brought in the Washington County Court in Fayetteville, Arkansas: 44JV2123 and 44JV2128.  (ECF No. 1 at 5).  The Court was unable to locate these cases in the ARCourts system.  Instead, the Court located *Kayla and Colby Fitts v. AR DHS and Minor Children*, Case No. CV-22-185.  The Court takes judicial notice of this case and the cases noted below.  This case was a DHS juvenile appeal case.  The DHS motion to dismiss the appeal was granted on July 13, 2022, and the case was sealed the same day.

Plaintiff pled guilty to three felonies in Case No. 44CR-2020-202 on March 8, 2022.  In case 44CR-21-161, Plaintiff was found to have violated the terms of his probation by failing to appear on August 4, 2022.  A revocation warrant was issued on August 25, 2022.  Plaintiff also filed, in conjunction with his wife Kayla Fitts, a *habeas* petition in the United States District Court for the District of Delaware on November 22, 2022, challenging their pretrial incarceration in Oklahoma and Missouri based on their status as "sovereign citizens."[1]  This case was summarily dismissed on April 27, 2023.

Under the federal *habeas* statute, the Court must summarily dismiss a *habeas* petition when "it plainly appears from the face of the petition and any exhibits attached thereto that the petitioner is not entitled to relief in the district court."  Rule 4 of the Rules Governing Section 2254, 28 U.S.C.A. foll. § 2254 (discussing §§ 2243 and 2254).  Here, Plaintiff proceeds *pro se* and has not alleged or provided any evidence that he is a licensed attorney.  The Eighth Circuit has made it clear that, except for Social Security cases, "[n]on-attorney parents cannot litigate *pro se* on behalf of their minor children, even if the minors cannot then bring the claim themselves."  *Crozier for A.C. v. Westside Community Sch. Dist.*, 973 F.3d 882, 887 (8th Cir. 2020).  Thus, even assuming Plaintiff still retains parental rights to the minor children in question, he cannot bring a *habeas*

---

[1] *Fitts v. Newberry*, Case No. 22-1514-CFC (D. Del. April 27, 2023).

petition on their behalf.  His filing of this case on their behalf constitutes the unauthorized practice of law and results in a nullity.  *See Christ v. Rogers*, No. 4:21-CV-177-BRW, 2021 WL 908553, at \*1 (E.D. Ark. Mar. 9, 2021).  Finally, Plaintiff "cannot seek redress in federal court for issues related to custody."  *Id.* at \*2 (dismissing complaint for failure to state a claim when Plaintiff sought to invalidate the temporary termination of parental rights and the parallel criminal case); *Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994) ("The domestic relations exception ... divests the federal courts of jurisdiction over any action for which the subject is a divorce, allowance of alimony, or child custody.").

Accordingly, it is recommended that Plaintiff's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be DISMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of February 2024.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE